IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : Case No. 2:13-CR-145(4) |
| | : |
| v. | : JUDGE MARBLEY |
| | : |
| DANNY BUCIO CABRALES, | : |
| Defendant. | : |

**ORDER**

**I. INTRODUCTION**

This matter comes before the Court on Defendant Danny Bucio Cabrales' Motion for New Trial Based on Newly Discovered Evidence. (Doc. 142). For the reasons set forth herein, Defendant's Motion for New Trial is **DENIED**.

**II. BACKGROUND**

On June 13, 2013, Bucio Cabrales was indicted on two counts. Count One was for knowingly, intentionally, and unlawfully combining, conspiring, or confederating and agreeing with others to possess, with the intent to distribute, 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana, in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(A)(vii), and 21 U.S.C. § 846. Count Two was for knowingly, intentionally, and unlawfully combining, conspiring, confederating and agreeing with others to possess, with intent to distribute, a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(C), and 21 U.S.C. § 846. Defendant pleaded not guilty to both charges, and subsequently proceeded to trial on December 2, 2013. On December 4, 2013, the jury returned a unanimous verdict finding Defendant guilty on both

counts.

Defendant filed this Motion for New Trial on April 11, 2014, in which he argues that, based on newly discovered evidence, he has sufficiently established the need for a new trial. The evidence that is the basis for the motion are three different letters, each received after Defendant's trial. First, Defendant received a letter from Juan Moya Vargas, dated January 24, 2014, regarding Misael Cortez-Torres, a key witness at Defendant's trial. (Doc. 142-1 at 3-5). According to the letter, Moya Vargas was incarcerated with Cortez-Torres. During their incarceration, Cortez-Torres allegedly told Moya Vargas that he took over the drug business while Defendant lived with him, but did not discuss how Defendant was personally involved in the business. Defendant claims that Moya Vargas confirmed the details of his letter during a March 14, 2014 meeting, at which Moya Vargas, his counsel, and an interpreter were present.

Defendant next points to a notarized letter from Jesus Santos, received on March 21, 2014. (Doc. 142-1 at 6-7). The letter states that Cortez-Torres has been an active drug trafficker since 2010, and attempted, on more than one occasion, to recruit Santos and Defendant to sell drugs for him.

The third letter, written by Reinaldo Oliviera, was obtained by counsel on April 2, 2014. (Doc. 142-1 at 8-10). Oliviera claims to have shared a prison cell with Cortez-Torres. During their time together, Cortez-Torres allegedly told Oliviera that Defendant did not sell drugs, and when the boss was out of town, Cortez-Torres was the sole drug seller.

### III. STANDARD OF REVIEW

Federal Rule of Criminal Procedure 33 provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."

Whether to grant a Rule 33 motion is left to the sound discretion of the district court. *United States v. Wheaton*, 505 F.3d 578, 592 (6th Cir. 2008). The defendant bears the burden of proving that a new trial is warranted. *United States v. Davis*, 15 F.3d 526, 531 (6th Cir. 1994).

When a defendant brings a Rule 33 motion on the basis of new evidence, he must establish each of the following four elements: "(1) the new evidence was discovered after the trial; (2) the evidence could not have been discovered earlier with due diligence; (3) the evidence is material and not merely cumulative or impeaching; and (4) the evidence would likely produce an acquittal." *United States v. O'Dell*, 805 F.2d 637, 640 (6th Cir. 1986), *cert. denied*, 484 U.S. 859 (1987). In applying this four-part test, courts recognize that motions for a new trial based on newly discovered evidence are disfavored and should be granted with caution. *United States v. Seago*, 930 F.2d 482, 488 (6th Cir. 1991).

## IV. LAW AND ANALYSIS

The United States does not address, and therefore concedes, the first two parts of the Rule 33 analysis: that the new evidence was discovered after the trial; and that the evidence could not have been discovered earlier with due diligence. Thus, the Court need only address the remaining two prongs.

### A. The Evidence is Material and not Merely Cumulative or Impeaching

Defendant notes that Cortez-Torres was the only witness to testify that Bucio Cabrales had a supervisory role in the offense. As such, evidence that Cortez-Torres was in charge of the operation at certain times is material. Defendant states that the Santos letter and the Oliviera letter both demonstrate Cortez-Torres' supervisory role in the drug sales, thereby negating evidence presented at trial indicating that Bucio Cabrales took on a supervisory role from time to time. Defendant then lists the various ways that he could have used the letters, and the evidence

presented therein, at trial. Defendant insists that he could have used the letters to impeach Cortez-Torres with prior inconsistent statements, pursuant to Fed. R. Evid. 613(a). Moreover, Defendant asserts that, if Cortez-Torres denied those statements, Defendant could have subpoenaed the letter writers to testify, under Fed. R. Evid. 613(b).

According to Defendant, the "newly discovered evidence strongly demonstrates that critical testimony given by Cortez-Torres…very likely was false." (*Def.'s Mot.*, Doc. 142 at 5). Defendant claims that Cortez-Torres's alleged misstatements regarding Defendant's role in the offense raise serious doubts regarding his inculpatory testimony at trial. Hence, the evidence demonstrates that Cortez-Torres was untruthful at trial about key facts. Defendant concludes, therefore, that the information contained in each letter is material and not merely cumulative or impeaching.

The United States' argues that a wealth of evidence was presented at trial independent of the testimony from Cortez-Torres. That evidence included the testimony of Detective Annie Durbin and DEA Special Agent Nick Eichenlaub, both of whom spoke about the weeks of surveillance conducted on Defendant and other members of the conspiracy. Through their individual testimonies, Durbin and Eichenlaub presented information ranging from surveillance showing Defendant's controlled sales of marijuana to a confidential informant, to Defendant residing at the "stash-house" located at 4020 Migration Lane, where investigators found marijuana, cash, and drug ledgers detailing the sales of thousands of pounds of marijuana, as well as Defendant's driver's license, bills, and mail matter. *Government's Response*, Doc. 151 at 2-3.

The United States' insists that the information presented by other witnesses was corroborated by the testimony of Cortez-Torres, who stated that he had worked with Bucio-

Cabrales to traffic marijuana and cocaine. Moreover, Cortez-Torres stated that drug ledgers with records of the marijuana deals were stored in Defendant's bedroom, and identified Defendant's bedroom as the same room in which investigators found Defendant's personal items. The seizure of additional evidence during the execution of the search warrant also corroborated Cortez-Torres' testimony. According to the United States, barring the testimony of Cortez-Torres, there would still have been ample evidence to convict Defendant of marijuana and cocaine trafficking conspiracies. The Government claims that, even if Cortez-Torres made the out of court statements to other parties that could have been used at trial for impeachment purposes, such statements would not override or contradict the surveillance and physical evidence which corroborated his trial testimony.

The Court finds that the letters presented by Defendant are simply offered as impeachment evidence, and are not material. Though Defendant urges this Court to consider the various ways in which the letters he received could have been used at trial to contradict or disprove Cortez-Torres' testimony, he fails to show how such evidence rises to a material level given the nature of the other witnesses' testimony. Even if the evidence was not impeachment evidence, the testimony of other witnesses would still bear enough weight for a jury to find Defendant guilty.

### B. The Evidence Would Likely Produce an Acquittal

Defendant next argues that Cortez-Torres was the only witness to testify as to Defendant's role as an organizer, leader, manager, or supervisor in the marijuana and cocaine trafficking conspiracy. Defendant insists that, "[i]f a reasonable person were presented with evidence that Cortez-Torres lied about [Defendant's] role in the offense that reasonable person could rightly conclude that Cortez-Torres is not worth of belief." (Doc. 142 at 6). Without the

testimony of Cortez-Torres, jurors would have to rely on the testimony of other witnesses to convict Defendant. If that were to happen, Defendant notes that none of the government surveillance included an observation of Bucio-Cabrales personally dealing drugs.

Defendant also points to the testimony of two other witnesses: Pedro Pace and Jimi Ward. Defendant claims that Pace's testimony failed to inculpate Defendant because he never stated that he saw Defendant in possession of drugs, or with drug money. Pace did, however, testify that he saw Defendant with Cortez-Torres and Vato[1]. Jimi Ward testified that he saw Defendant with Cortez-Torres and Pablo, and that Pablo was his drug contact with whom he set up the drug deals. Ward did, however, state that he saw Defendant in possession of drugs and drug money.

The United States contends that the testimony of Pace and Ward, considered both independently and in conjunction with the testimony of other witnesses, connected Defendant to the drug trafficking conspiracy of which he was found guilty. Pace testified that Defendant was present during drug money transactions. Those statements were then corroborated by the testimony of Cortez-Torres, who described similar meetings between himself, Pace, and Bucio Cabrales. The Government then turns to the testimony of Ward, who stated that Defendant, along with Cortez-Torres and Pablo, delivered narcotics to Ward's residence. Ward went on to state that he received up to 600 pounds of marijuana and 10 kilograms of cocaine, eventually paying approximately $800,000 for the drugs. The Government argues that Ward's testimony was corroborated by Durbin and Eichenlaub, as well as Cortez-Torres.

The United States asserts that, even if this Court accepted Defendant's contention that Cortez-Torres made inconsistent statements outside of court, such impeachment evidence simply

---

[1] Vato and Pablo are different names for the so-called "boss" of the drug conspiracy in which Defendant was involved.

would not outweigh the myriad other evidence derived from surveillance, physical evidence, and co-conspirator evidence admitted at trial. The Government insists that Defendant's evidence does not rise beyond the level of impeachment evidence, and, given the other evidence presented throughout the case, would not result in an acquittal.

The Court finds that Defendant has not demonstrated that the newly discovered evidence, if admitted, would result in an acquittal. Defendant takes aim at the credibility of Cortez-Torres, Pace, and Ward, seemingly forgetting that the jury previously determined that, based on the evidence as a whole, Bucio Cabrales was guilty of marijuana and cocaine trafficking conspiracy beyond a reasonable doubt. Though the Government conceded the first two prongs of the Rule 33 standard, Defendant has failed to show that the admission of the newly discovered evidence meets the final two prongs; that the evidence is material and not cumulative or impeaching; and that its admission would result in Defendant's acquittal.

## V. CONCLUSION

Based on the foregoing, Defendant's Motion for New Trial Based on Newly Discovered Evidence is **DENIED**.

**IT IS SO ORDERED.**

                                                           *s/ Algenon L. Marbley*
                                                           **ALGENON L. MARBLEY**
                                                           **UNITED STATES DISTRICT JUDGE**

**DATED: August 12, 2014**